1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8     JENEEN HAMILTON, et al.,                 Case No.  19-cv-01066-VKD

              Plaintiffs,
9
                                             **ORDER GRANTING AMENDED**
10          v.                                **MOTION FOR APPROVAL OF**
                                             **MINOR'S COMPROMISE**
11    K-D-W SANTA CLARA, et al.,
                                             Re: Dkt. No. 34
12            Defendants.

13

14          In this disability rights action, plaintiffs Jeneen Hamilton and her daughter, Faith Hamilton

15    (a minor), sue for alleged violations of Title III of the Americans with Disabilities Act of 1990

16    ("ADA"), 42 U.S.C. § 12101, *et seq*. and the California Unruh Civil Rights Act ("Unruh Act"),

17    Cal. Civ. Code §§ 51-53.  According to their complaint, Faith Hamilton is a disabled individual,

18    and plaintiffs claim that during a December 2018 visit to a Fish Market restaurant in Santa Clara,

19    California, architectural barriers in the women's restroom precluded full and equal access to the

20    facilities.  Dkt. No. 1.  As a result, plaintiffs allege that they had to use the men's restroom, which

21    caused them embarrassment.  *Id*. ¶¶ 15-16.  Plaintiffs further allege that they have been deterred

22    from returning to the restaurant, knowing that there is no accessible women's restroom.  *Id*. ¶ 22.

23          Plaintiffs advised that the parties reached a settlement, and then subsequently moved for

24    approval of the settlement of Faith Hamilton's claims.  Dkt. Nos. 23, 31.  Although plaintiffs'

25    motion was unopposed, it contained discrepancies and did not provide sufficient information for

26    the Court to determine whether the settlement is fair and reasonable, in light of the facts of the

27    case, Faith Hamilton's specific claims, and recovery in similar cases.  *See Robidoux v. Rosengren*,

28    638 F.3d 1177, 1182 (9th Cir. 2011).

United States District Court
Northern District of California

1    Now before the Court is plaintiffs' amended motion for approval of the settlement of Faith

2    Hamilton's claims.  Plaintiffs state that defendants do not oppose the motion.  Upon consideration

3    of the motion and supporting papers, the Court grants the motion, finding that the settlement is fair

4    and reasonable.

5         Plaintiffs have not provided the Court with the underlying settlement agreement, but they

6    state that the parties have agreed upon remedial measures to resolve plaintiffs' ADA claim and a

7    total monetary settlement of $25,000.  With respect to the ADA claim, defendants will provide an

8    accessible women's restroom at the restaurant by June 2022.[1]  In the interim, defendants will

9    implement a written policy, along with signage, permitting persons with disabilities to access the

10   men's restroom.  Dkt. No. 34 at 3.

11        The $25,000 settlement is to be apportioned as follows:  $4,500 to Faith Hamilton, $8,500

12   to Jeneen Hamilton,[2] and $12,000 to plaintiffs' counsel in fees and costs.  *Id*. at 6-7.  Faith

13   Hamilton's share of the settlement will be distributed to Jeneen Hamilton, who avers that the sums

14   will be used to pay for Faith's benefit, including for ongoing physical therapy costs.  Dkt. No. 34-

15   1 ¶ 4.  Although Jeneen Hamilton's declaration is somewhat vague, she seems to indicate that

16   settlement sums not otherwise allocated specifically for Faith will be used to pay for Faith's other

17   immediate and recurring health expenses.  *Id*. ¶¶ 5-7.  As for the $12,000 to be distributed to

18   plaintiffs' counsel in fees and costs, counsel avers that the total fees and costs incurred are

19   $10,403, and that the settlement reflects a reduction in the additional amount that counsel state

20   they otherwise would be entitled to receive under their fee agreement with plaintiffs.  Dkt. No. 34-

21   3 ¶¶ 6-8.

22        "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to

23   safeguard the interests of litigants who are minors."  *Robidoux*, 638 F.3d at 1181.  "In the context

24

25   [1] Plaintiffs state that they have agreed on a longer period of time for the renovations due to delays in the process for obtaining necessary permits and inspections.

26   [2] The award to Jeneen Hamilton is based on 42 U.S.C. § 12182(b)(1)(E), which provides: "It shall

27   be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a

28   relationship or association."

United States District Court
Northern District of California

1    of proposed settlements in suits involving minor plaintiffs, this special duty requires a district

2    court to 'conduct its own inquiry to determine whether the settlement serves the best interests of

3    the minor.'"  *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).  "In other

4    words, in this context, the fairness determination is an independent, not a comparative inquiry."

5    *Id*. at 1182.  Thus, courts must "focus[] on the net recovery of the minor plaintiffs under the

6    proposed agreement," and "limit the scope of their review to the question whether the net amount

7    distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of

8    the case, the minor's specific claim, and recovery in similar cases."  *Id*. at 1181-82.  "Most

9    importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery

10   without regard to the proportion of the total settlement value designated for adult co-plaintiffs or

11   plaintiffs' counsel—whose interests the district court has no special duty to safeguard."  *Id*. at

12   1182.  Although the Ninth Circuit expressly limited its holding in *Robidoux* to cases involving the

13   settlement of a minor's federal claims, *see id.* at 1179 n.2, courts in this district have applied the

14   *Robidoux* standard in cases involving the settlement of both federal and state claims.  *See J.R. by*

15   *and through Ringer v. Lakeport Unified Sch. Dist*. No. C18-06211 WHA, 2019 WL 6219034, at

16   *2 (N.D. Cal. Nov. 21, 2019) (citing cases).

17           As noted above, the present settlement has resulted in an agreement to provide an

18   accessible women's restroom at the restaurant.  Additionally, plaintiffs point out that the $4,500

19   allocated to Faith Hamilton exceeds the minimum statutory damages available under the Unruh

20   Act, which provides a minimum statutory damages award of $4,000 "for each occasion an

21   individual is denied equal access to an establishment covered by the Unruh Act . . . ."  *Ridola v.*

22   *Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668, at *15 (N.D. Cal. May 18, 2018) (citing Cal.

23   Civ. Code § 52(a)).[3]  Although plaintiffs have not cited the recovery obtained by claimants in

24   similar cases, the Court finds that the proposed settlement amount for Faith Hamilton's claims are

25   commensurate with, or greater than, recovery obtained in analogous civil rights matters.  *See, e.g.,*

26

27   _____

[3] Plaintiffs indicate that, inasmuch as Faith Hamilton is unable to patronize the restaurant without
her mother, she has not been separately deterred from visiting the restaurant.  Accordingly, the
28   settlement funds allocated to Faith do not include an additional $4,000 for being deterred on a
particular occasion from visiting the restaurant.  Dkt. No. 34 at 5.

*Allison v. Gramercy YZE, LLC*, No. CV-14-00862-MWF (RZx), 2014 WL 12569372 (C.D. Cal. Dec. 9, 2014) (approving, in a housing discrimination case, a settlement of $23,330, with $1,000 to be distributed to each of the four minor plaintiffs, and the remaining sums to be divided between the adult plaintiff and plaintiffs' counsel); *Bagley v. Miller & Desatnik Mgmt. Co., Inc.*, No. CV-13-03784-MWF (JEMx), 2014 WL 12607674 (C.D. Cal. Mar. 17, 2014) (approving, in a housing discrimination case, a settlement of $1,500 to the minor plaintiff, with defendants to pay undisclosed sums to the adult plaintiffs from which fees would be deducted); *Hameed v. Kohl's Corp.*, No. C 11–02971 LB, 2012 WL 1356033 (N.D. Cal. Apr. 18, 2012) (approving, in a civil rights case alleging that plaintiffs were falsely accused of shoplifting, a total settlement of $10,000, with $2,500 to be allocated for attorney's fees, and each plaintiff to receive $2,500).

Based on the foregoing, plaintiffs' unopposed amended motion for approval of minor's compromise is granted. The Court re-sets the deadline for filing a stipulated dismissal to **June 30, 2020**. If a dismissal is not filed by that date, then the parties shall file a status report by **July 2, 2020** and appear on **July 7, 2020, 10:00 a.m.** and show cause, if any, why the case should not be dismissed pursuant to Fed. R. Civ. P. 41(a). If a dismissal is filed as ordered, the July 7, 2020 show cause hearing will be automatically vacated and the parties need not file a statement in response to this Order.

**IT IS SO ORDERED.**

Dated: June 2, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California